Sacco & Fillas, LLP
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-2243
Direct Fax: 718 559-6517

ctucker@saccofillas.com
www.saccofillas.com

Tonino Sacco*
Elias N. Fillas

Luigi Brandimarte*
Lamont K. Rodgers
Joseph Katz

Malik E. Anderson*
Scott L. Appelbaum
Ramy Aqel
James R. Baez*
Joseph Benincasa
Jack Berry
Victor I. Bota*
Nathan A. Brill*
Joanne Ciaramella
Scott W. Clark
David A. Craven
Christopher DelCioppio*
Alex Diaz
Kurt A. Doiron
Ronald B. Groman
Jeffrey Hellerman
Emily Huang
Zachary S. Kaplan
James Y. Kim*
Patricia R. Lynch
John P. Margand
Albert R. Matuza, Jr.
Diamanda Papagiannakis
Andrew Rafalaf
Ashley Rajakaruna
Philip R Reid*
Richard E. Schirmer
Morris J. Schlaf*
Christian Schlegel
Lantao Sun
William W. Walis
Michael S. Warycha
Roger Wong
Zachary J. Zain
Alex Zhang
Anthony J. Zullo

*Also admitted in

September 3, 2026

**VIA ECF**
Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Charles L. Brieant Jr. Federal Building
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**MEMO ENDORSED**

Re: *Sargis v. The Bonnie Briar Country Club, Inc., et al.,* No. 7:26-cv-03597 (JGLC) — Response to August 24, 2026 Order to Show Cause and Letter-Motion to Stay and for Limited Rule 4(m) Relief

Dear Judge Clarke:

Plaintiff respectfully responds to the Court's August 24, 2026 Order to Show Cause (ECF No. 7) and requests that the Court: (1) discharge the Order; (2) stay this action in its entirety pending disposition of the AAA proceeding Plaintiff submitted on September 1, 2026 and any resulting arbitration; and (3) pursuant to Rule 4(m), extend the time to serve The Bonnie Briar Country Club, Inc., Bonnie Briar Syndicate, Inc., Joe Condomitti Golf Shop LLC, Joseph "Joe" Condomitti, and James Tilla through fourteen days after the stay is lifted, or such other time as the Court directs. FAME Golf, LLC was served through the New York Secretary of State on July 13, 2026, with proof filed at ECF No. 5; no Rule 4(m) relief is requested as to FAME.

The service posture developed while counsel were actively addressing the arbitration agreement raised by the represented defendants and how this action should proceed. On May 8, eight days after filing, Scott Piper advised that Harris Beach represented Bonnie Briar and "some of the other defendants" and noted that service had not occurred. Plaintiff raised waiver on May 9. After counsel conferred, Harris Beach transmitted the Club's arbitration agreement on May 19. On May 26, Plaintiff agreed in principle to proceed before AAA under the applicable employment procedures. Harris Beach thereafter circulated a proposed stipulation identifying Bonnie Briar, Bonnie Briar Syndicate, Joe Condomitti Golf Shop LLC, and Joseph Condomitti as its clients and providing that those parties would proceed with AAA arbitration, while separately identifying FAME and Tilla as nonappearing defendants.

When summonses issued, Plaintiff again requested waiver for Harris Beach's clients. Counsel continued addressing whether the federal action should be dismissed in whole or only as to the represented defendants if arbitration proceeded. On July 29, Plaintiff sent a revised stipulation preserving the claims against the nonappearing defendants. Harris Beach responded that the entire action instead should be dismissed and stated that it would appear and file its proposed stipulation if Plaintiff executed it. Counsel continued discussing the matter. On September 1, Plaintiff submitted the

Sacco & Fillas, LLP
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

contemplated AAA filing; AAA acknowledged receipt and assigned a case number, subject to review of filing requirements.

These circumstances support Rule 4(m) relief. The case remained active, waiver was raised twice, and counsel pursued a concrete arbitration and procedural disposition through the service deadline. It is respectfully submitted that the delay was not the result of inadvertence, there was no prejudice to the defense, and Plaintiff engaged in efforts to resolve service questions by directing the matter to arbitration and addressing service disputes with appearing defendants while making efforts to serve the nonappearing defendants. *See Null v. Bank of Am., N.A.,* 734 F. Supp. 3d 269, 271 (S.D.N.Y. 2024) ("factors: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff had moved for an extension of time to serve"). Moreover, if the Court concludes that good cause has not been established, Rule 4(m) independently permits a discretionary extension. *See Zapata v. City of New York*, 502 F.3d 192, 196–99 (2d Cir. 2007). The requested extension would preserve the status quo while the overlapping dispute proceeds in arbitration and avoid potentially consequential limitations disputes if claims remain afterward.

A stay of the entire action is appropriate even though not every defendant is necessarily bound by the arbitration agreement. Plaintiff does not ask the Court to compel FAME or Tilla to arbitrate. Rather, the Complaint alleges a common employment relationship and overlapping joint-employer liability concerning the same supervision, hours, compensation practices, and damages. The Second Circuit recognizes that a court may stay related litigation involving a nonsignatory under its inherent docket-management authority while arbitration proceeds. *See WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997). Recently, *Daneshvar v. Oliver* stayed an entire action because arbitrable and nonarbitrable claims substantially overlapped and declined to proceed with default judgment against a nonarbitrating defendant during the stay. *SHAHIN DANESHVAR & SHADI DEVELOPMENT, LLC, Plaintiffs, v. REX OLIVER, TBG VISIONS INC., WILLIAM G. HICKS, ESQ., WILLIAM G. HICKS, P.A., LAURA SPEDALE, ESQ. a/k/a LAURA M. RYS, ESQ., CITTA STRATEGY GROUP, LLC, CITTA INVESTMENT, LLC, RONALD I. GROSS, & RAM GLOBAL ENTERPRISES, LLC, Defendants.,* No. 25-CV-5578 (RA), 2026 WL 2269092, at *7 (S.D.N.Y. Aug. 6, 2026) ("given the overlap between arbitrable and non-arbitrable claims in this case, a stay of the entire matter pending the outcome of the arbitration is indeed warranted"). The same course here would conserve judicial resources, avoid potentially inconsistent determinations and duplicative recovery, and defer unnecessary default proceedings against FAME while arbitration may narrow or resolve the controversy

As to Tilla, ECF No. 6 identifies the person served as James Pilla rather than named Defendant James Tilla. Rather than require corrective service while the entire action is otherwise stayed, Plaintiff requests that the same Rule 4(m) extension apply to Tilla.

Sacco & Fillas, LLP
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

The original Rule 4(m) deadline was July 29, 2026; the requested new deadline is fourteen calendar days after the stay is lifted. This is Plaintiff's first request to extend that deadline, and no prior request has been granted or denied. Plaintiff requested Harris Beach's position on the requested stay and Rule 4(m) extension on September 3, 2026, but has received no response as of the filing of this letter-motion. No counsel has appeared for Tilla. No appearance before the Court is presently scheduled, and the requested relief affects no other scheduled date.

Plaintiff respectfully requests that the Court discharge the Order to Show Cause, dismiss no defendant, stay this action in its entirety pending disposition of the AAA proceeding and any resulting arbitration, defer proceedings against FAME during the stay, and extend the Rule 4(m) service deadline for the defendants whose service remains unresolved through fourteen days after the stay is lifted, or such other time as the Court directs. Plaintiff will promptly notify the Court if AAA declines administration and otherwise provide status reports as the Court directs.

We thank the Court for the time and attention devoted to this matter.

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.

Applications GRANTED. For the reasons stated above, the Order to Show Cause at ECF No. 8 is HEREBY DISCHARGED. The Court STAYS this action until 7 days following the conclusion of arbitration, at which point Plaintiff shall file a letter requesting that the Court lift the stay or file a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. Plaintiff's deadline to effect service on the remaining Defendants is also EXTENDED to 21 days after the conclusion of arbitration.

Additionally, Plaintiff is directed to file a letter updating the Court on the status of arbitration by **December 1, 2026**, and every 90 days thereafter.

The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: September 4, 2026
White Plains, New York